# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *

COLLEEN DOTSON,

                         Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                         Respondent.

\*   No. 15-0093V
\*   Special Master Christian J. Moran
\*
\*   Filed: October 8, 2015
\*
\*   Attorneys' fees and costs; award
\*   in the amount to which respondent
\*   does not object.
\*

* * * * * * * * * * * * * * * * * * * * * * * * *

Maximillian Muller, Muller Brazil, LLP, Philadelphia, PA, for Petitioner;
Heather Pearlman, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

Petitioner, Colleen Dotson, filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter on October 6, 2015. Previously, Ms. Dotson informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request $14,000.00, an amount to which respondent does not object. The Court awards this amount.

Ms. Dotson filed for compensation on January 29, 2015, alleging that she was injured by the influenza ("flu") vaccine she received on October 24, 2012. On July 29, 2015, the undersigned issued a 15-week order that should, in the expected course, lead to a decision in which Ms. Dotson will receive compensation.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Even though compensation has not been decided formally, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, the anticipation of a decision pursuant to a 15-week order evidences these criteria. In addition, respondent does not contend that petitioner failed to satisfy these criteria.

Petitioner seeks a total of **$14,000.00** in attorneys' fees and costs for her counsel. In compliance with General Order No. 9, petitioner's counsel represents that petitioner has incurred no out-of-pocket expenses in the proceedings on the petition. Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $14,000.00, in the form of a check made payable to petitioner and petitioner's attorney, Maximillian Muller, of Muller Brazil, LLP, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master